**Board of Educ. of the City Sch. Dist. of the City of N.Y. v Nickelson**

2024 NY Slip Op 31078(U)

April 1, 2024

Supreme Court, New York County

Docket Number: Index No. 452817/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: __HON. ARLENE P. BLUTH__   PART   14

*Justice*

-----------------------------------------------------------------------------X

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK

Petitioner,

- v -

CHRISTOPHER NICKELSON,

Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 452817/2023 |
| MOTION DATE | 03/29/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1-11, 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to/for     VACATE - DECISION/ORDER/JUDGMENT/AWARD.

The cross-motion to dismiss the petition, which seeks to vacate a determination by a

hearing officer and to terminate respondent, is granted.

**Background**

Respondent is a tenured teacher and has worked for petitioner since 2001. He insists that

he had no prior disciplinary history in his long teaching career until petitioner brought charges

against him arising out of purported misconduct that occurred during the 2019-2020 school year.

A hearing officer was appointed to evaluate the charges and hear testimony.

Seven charges were filed against respondent. The vast majority involved allegations that

respondent engaged in improper physical contact with students, such as slapping or striking

students, or used threatening language towards students and a fellow teacher. Petitioner insisted

that this unwarranted physical force constituted misconduct that necessitated his termination.

**452817/2023   BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK vs. NICKELSON, CHRISTOPHER**
**Motion No.  001**

**Page 1 of 7**

1 of 7

In detailing the positions of the parties, the hearing officer noted that "Respondent denies all specifications against him but admits to unprofessional conduct in playing and joking with students, for which he is remorseful" (NYSCEF Doc. No. 4 at 4). She added that "The Department takes the position that all specifications have been proven by credible and reliable testimony. Multiple witnesses plus video evidence show that Respondent got physical with his students" (*id*.).

The hearing officer stressed that "At the outset, it should be noted that, as Respondent argues and the Department acknowledges, the evidence received in connection with some of the allegations in this case is largely of a hearsay nature because much of it is contained in written statements included in the Office of Special Investigations (OSI) reports made during the investigations of the incidents" (*id*.). "Hearsay evidence is often admitted in these proceedings for what it is worth. It is not worth much unless it can be corroborated by other competent evidence in the record which may include documents, admissions, facts and events" (*id*.).

The hearing officer reviewed each of the seven charges and concluded that "After a careful review of the hearing record, exhibits, transcript, and provided awards whether specifically addressed or not, I find that the Department has not carried its burden by a preponderance of the evidence with respect to all Specifications. However, the Department has established misconduct in that Respondent exercised poor judgment and unprofessional behavior by inappropriate contact while engaged in horseplay with students" (*id*. at 9). She imposed a penalty of $1,000 (*id*.).

The hearing officer noted that "I do not find sufficient record support to sustain termination. Respondent has worked as a teacher with the Department for over twenty years with an unblemished record. And while it is concluded that Respondent made inappropriate contact

**452817/2023   BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK vs. NICKELSON, CHRISTOPHER**
**Motion No.  001**

**Page 2 of 7**

2 of 7

and exercised poor judgement by engaging in horseplay with students, the record reflects that he is remorseful and has learned his lesson" (*id*.).

Petitioner dislikes the hearing officer's review of the evidence and the testimony and demands that respondent be fired. It insists that the hearing officer "exceeded her power under the Education Law when she found every charge and specification unsubstantiated but still imposed a monetary penalty" (NYSCEF Doc. No. 12 at 3). Petitioner insists that the penalty imposed here is insufficient and will not deter respondent from engaging in future misconduct. Petitioner complains that the hearing officer's determination violates public policy by imposing a penalty based on charges that were not alleged.

Respondent cross-moves to dismiss. Procedurally, he insists that petitioner did not properly serve him with the papers commencing this proceeding as they only included the notice of petition and the first page of the verified petition when it attempted to effectuate service. On the merits, respondent insists that this Court should confirm the hearing officer's award. He observes that the instant petition only pertains to charges 1, 2, 3, and 7, all of which the hearing officer dismissed. Respondent insists that petitioner simply disagrees with the hearing officer's conclusions and that is not a basis to vacate her final determination and terminate respondent. He also claims that the penalty imposed was rational because the hearing officer found that respondent engaged in unprofessional behavior, but did not substantiate the allegations of violent conduct.

In opposition to the cross-motion to dismiss, petitioner claims that respondent had actual notice of all of the papers filed here and that respondent's counsel sought multiple adjournments of the return date for the instant petition. Petitioner argues that the seriousness of the issues in this case should compel the Court to deem service complete, or allow more time to serve, in the

452817/2023   **BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW**   Page 3 of 7
**YORK vs. NICKELSON, CHRISTOPHER**
**Motion No. 001**

[* 3]

3 of 7

interest of justice. It also argues that respondent "regurgitates the hearing officer's decision without showing why the award should not be vacated" (NYSCEF Doc. No. 27).

In reply, respondent insists that petitioner did not establish that it properly served him and that the award should be confirmed in its entirety.

**Service**

As a preliminary matter, the Court finds that service was not sufficient. Respondent submitted an affidavit in which he describes that he received only the first page of both the notice of petition and the verified petition and was never served with a complete copy of the papers (NYSCEF Doc. No. 18, ¶¶ 3, 4).

Petitioner, curiously, did not include an affidavit from the process server to rebut respondent's assertions about improper service. Instead, petitioner claims that because respondent has access to all of the papers and actual notice, any service errors should be overlooked. It also argues that because it agreed to grant respondent adjournments, the Court should not dismiss this petition for lack of proper service. Petitioner requests, although it did not move for such relief, that it be allowed additional time to serve respondent.

Petitioner's contentions are curious. If petitioner believed that it properly served respondent with a full set of the commencing papers, then it should have submitted an affidavit from the process server to support that contention. Or, if petitioner had doubts, then it should have filed a motion for an extension of time to serve respondent. Instead, petitioner did neither and now requests that this Court essentially overlook any service issues although petitioner does not admit that service was deficient. This Court has little choice but to find that service was insufficient.

**452817/2023   BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK vs. NICKELSON, CHRISTOPHER**
**Motion No. 001**

**Page 4 of 7**

[* 4]

4 of 7

However, the Court does not dismiss the petition on this ground because respondent also asks for affirmative relief as discussed below. This Court is unable to find that it lacks jurisdiction over the parties and simultaneously award respondent any relief.

**The Hearing Decision**

"Education Law § 3020-a(5) provides that judicial review of a hearing officer's findings must be conducted pursuant to CPLR 7511. Under such review an award may only be vacated on a showing of misconduct, bias, excess of power or procedural defects" (*Lackow v Dept. of Educ. [or Board] of City of New York*, 51 AD3d 563, 567, 859 NYS2d 52 [1st Dept 2008]) [internal quotations and citation omitted]. "[W]here the parties have submitted to compulsory arbitration, judicial scrutiny is stricter than that for a determination rendered where the parties have submitted to voluntary arbitration" (*id*. at 567). The hearing officer's "determination must be in accord with due process and supported by adequate evidence, and must also be rational and satisfy the arbitrary and capricious standards of CPLR article 78. The party challenging an arbitration determination has the burden of showing its invalidity" (*id*. at 567-68).

The Court grants the cross-motion to dismiss on the ground that the hearing officer's decision was rational. Petitioner did not meet its burden to show that the hearing officer engaged in misconduct, bias, exceeded her powers, or made procedural defects. Instead, petitioner simply disagrees with the hearing officer's findings.

The Court observes that the hearing officer concluded, as a general matter, that the alleged physical contact was merely horseplay and not evidence of violent conduct. It is not this Court's role to second guess the credibility determinations made by the hearing officer. With respect to the individual charges, the Court emphasizes that the hearing officer concluded that respondent was simply engaging in horseplay for "specification 1" and that the video evidence

452817/2023   BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK vs. NICKELSON, CHRISTOPHER     Page 5 of 7
Motion No.  001

5 of 7

did not support the alleged misconduct in "specification 2" (NYSCEF Doc. No. 4 at 6). She noted there was inconclusive evidence for "specification 3" and that "specification 4" was only supported by "uncorroborated hearsay" (*id*. at 7-8). These findings rendered specifications 5 and 6 as essentially moot because they were based on the allegations in the first four specifications.

The hearing officer also found it inconclusive that respondent used profanity with respect to specification 7, an allegation concerning a purported threat to a fellow teacher (*id*. at 8). The Court observes that this colleague testified and the hearing officer noted that "Based on Ms. Keen's testimony, the evidence does not establish that Respondent threatened her. Keen testified that she and Respondent had a joking friendly relationship prior to this day. They would often say "catch me outside" in a joking way. She did not testify that she felt threatened at any point. Keen explained that she was encouraged to make a report by Maria Bauer, another teacher who was present. I find that Respondent's comments amounted to sarcastic and unprofessional banter with a colleague with whom he had a friendly relationship" (*id*. at 8).

As detailed above, each of the hearing officer's findings for the specifications was a credibility determination based upon the testimony and evidence presented. Nothing in the decision suggests that there was any bias or misconduct by the hearing officer. Petitioner's insistence that the record does not support the hearing officer's conclusions is not a basis to vacate the award.

To the extent that petitioner claims that the award exceeded the hearing officer's powers by issuing a penalty despite not substantiating any of the allegations, the Court observes that respondent seeks to *confirm* the award. That is, respondent agreed to abide by the penalty imposed on him—he did not argue that the award was inconsistent or against public policy. In

452817/2023   BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW          Page 6 of 7
YORK vs. NICKELSON, CHRISTOPHER
Motion No.  001

6 of 7

other words, this is not a basis by which this Court can vacate the award and terminate respondent.

**Summary**

This Court's review of the hearing officer's decision and the transcript makes clear that the hearing officer rationally considered the evidence and disagreed with the petitioner's concerns about respondent. She rationally decided, after hearing arguments, scrutinizing exhibits and evaluating testimony, that respondent used poor judgment by horseplaying with students but that he has learned his lesson. The hearing officer summed up this dispute by noting that "This should also serve to place Respondent on notice that he must adapt his teaching style in such a way that he always comports himself in an appropriate and professional manner" (*id*. at 9).

Simply put, this Court finds no basis to overturn the hearing officer's analysis and terminate respondent. As noted above, it is not this Court's role to conduct its own *de novo* analysis of the record here. This Court can only evaluate whether the hearing officer issued a rational determination and the Court finds that the award here is both well-reasoned and logical.

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed with costs and disbursements to respondent upon presentation of proper papers therefor; and it is further

ORDERED that petitioner shall comply with the directives in the hearing officer's decision, which includes that respondent be reinstated to his previous position.

|  |  |
|---|---|
| **4/1/2024** | ARLENE P. BLUTH, J.S.C. |
| **DATE** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**452817/2023  BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK vs. NICKELSON, CHRISTOPHER**
**Motion No.  001**

**Page 7 of 7**